CARL PASCHEL, APPELLEE, v. CHARLES HUNTER ET AL., APPELLANTS.

Submitted December 2, 1915—Decided March 9, 1916.

Plaintiff was riding a bicycle on a public highway, proceeding on the right-hand side of the road, and was followed by an automobile driven by defendant. When plaintiff reached an intersecting street he turned to the left to go into the cross street, without giving any signal, and in the consequent collision the hind wheel of the bicycle struck the hind wheel of the automobile. The automobile was running at a fair rate of speed and would have passed to the left of the bicycle had the latter held its course. In this state of the proofs, the trial court declined to charge the jury that "the defendant was observing the law when he passed to the left even if it would take him across the centre line of the road to the left side." *Held*, that the request contained a correct statement of the law of the road, to be applied to the facts of the case, and that the denial of the request was injurious error.

On appeal.

Before Justices GARRISON, TRENCHARD and BLACK.

For the appellants, *Griffin & Griffin*.

The opinion of the court was delivered by

GARRISON, J. The plaintiff in the District Court recovered a judgment for the damages that resulted from a collision between the bicycle on which he was riding and an automobile driven by the appellant Lee Hunter. The accident happened on Highwood Terrace, in the township of Weehawken. The plaintiff was proceeding down the terrace toward the juncture of Highwood avenue and the boulevard, followed by the defendant's automobile. The plaintiff was on the right-hand side of the terrace and turned to the left to go into the avenue without giving any signal and did not see the car until too late to avoid a collision, in which the hind wheel of the bicycle struck the hind wheel of the car. The car was

running at a fair rate of speed, and would have passed to the left of the bicycle had the latter held its course instead of turning.

It was proper for the trial court to leave to the jury the questions of negligence and contributory negligence, although if the verdict were before us upon a rule to show cause it would be set aside as being against the clear weight of the evidence.

The judgment is here upon appeal and the state of the case shows that the trial court refused to charge the jury that "the defendant was observing the law when he passed to the left, even if it would take him across the centre line of the road to the left side." This was a correct statement of the legal situation that results from the statutory mandate that a vehicle when overtaken by a carriage shall keep to the right so as to permit such carriage to pass; for, of course, if the foremost vehicle must keep to the right the overtaking one must pass to the left. It was highly important to the defendant that the jury should be informed upon this point, for the reason that the plaintiff had introduced evidence as to the condition of the right side of the terrace tending to show that the defendant was on the left of the road solely for his own convenience and against the law. Indeed, it is difficult to account for the verdict as to the defendant's negligence upon any rational theory other than that the jury thought his car was upon a part of the road where it had no right to be. If the car, while properly passing to the left of the bicycle, was run into by the plaintiff's wheel, which escaped hitting the front of the car, which was two feet wider than the rear, it is difficult to see of what act of negligence the defendant was guilty.

The denial of the request was therefore injurious error, for which the judgment of the District Court must be reversed.